UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 16-24793-CIV-COOKE/TORRES**

PEOPLE FOR THE ETHICAL TREATMENT OF
ANIMALS, INC., ANIMAL LEGAL DEFENSE
FUND, ORCA NETWORK, and HOWARD
GARRETT

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE and ELIZABETH
GOLDENTYER, in her official capacity as
Director of Animal Welfare Operations for the
Eastern Region of the United States Department of
Agriculture Animal and Plant Health Inspection
Service,

        Defendants,

FESTIVAL FUN PARKS, LLC d/b/a MIAMI
SEAQUARIUM,

        Defendant-Intervenor.
_____/

**DEFENDANT-INTERVENOR'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT-INTERVENOR'S MOTION TO DISMISS AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

    Defendant-Intervenor Festival Fun Parks, LLC d/b/a Miami Seaquarium ("Defendant-Intervenor" or "FFP"), pursuant to Rule 201 of the Federal Rules of Evidence, respectfully requests that the Court take judicial notice of certain documents offered in support of its Motion to Dismiss (ECF Doc. 64). Specifically, FFP requests the Court to take judicial notice of:

1. Exhibit 1 to the Motion to Dismiss – July 10, 2014 letter from Marine Exhibition Corp. ("MEC") d/b/a Miami Seaquarium to Dr. Elizabeth Goldentyr of the Animal & Plant Health Inspection Service of the United States Department of Agriculture ("APHIS") providing notice pursuant to 9 C.F.R. § 2.8 of the merger transaction at issue in this case;

2. Exhibits 2A and 2B to the Motion to Dismiss – government records from APHIS's public online licensing database providing information about the license held by FFP to exhibit animals under the Animal Welfare Act ("AWA");

3. Exhibits 3A and 3B to the Motion to Dismiss – government records from APHIS's public online licensing database providing information about the AWA license held by MEC to exhibit animals; and

4. Exhibit 4 to the Motion to Dismiss – Articles of Merger of MEC into FFP filed on July 3, 2014, and found in the public records of the Florida Department of State, Division of Corporations.[1]

In support of this request, FFP submits the following Memorandum of Law.

## MEMORANDUM OF LAW

In their Complaint, Plaintiffs rely on a series of transactions and regulatory filings between FFP and MEC. FFP asks this Court to take notice of records of these transactions and filings, the content of which are not subject to reasonable dispute in accordance with Rule 201 of the Federal Rules of Evidence.

The Eleventh Circuit has held that the court, when deciding a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), may consider judicially noticeable documents including public records, even though outside the four corners of the complaint. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812, n. 4 (11th Cir. 2015) ("*Osheroff*"); s*ee also, Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1535, n. 1 (S.D. Fla. 1993), *aff'd*, 84 F.3d 438 (11th Cir. 1996) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account" – quoting 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (1990)).

In addition, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("*Brooks*"); *see Osheroff*, 776 F.3d at 811.

---

[1] Exhibit 5 to the Motion to Dismiss is a compendium of selected AWA regulatory provisions addressed in the Motion to Dismiss, which is included for the convenience of the Court.

FFP therefore requests that the Court take judicial notice of the following documents supplied as Exhibits 1 through 4 to the Motion to Dismiss in deciding the Motion to Dismiss. The following discussion provides a description of each document and the multiple reasons each may be considered by the Court at this time.

1. <u>Merger Notice Letter (Exhibit 1 to Motion to Dismiss)</u>

On July 10, 2014, Counsel for FFP d/b/a Miami Seaquarium as successor-by-merger to MEC wrote a letter to APHIS to provide notice to APHIS pursuant to 9 C.F.R. § 2.8 of the merger transaction at issue in this case. Even without the Court taking judicial notice of Exhibit 1, because Plaintiffs describe this letter with specificity in ¶ 59 of their Complaint, and given that the letter and the transactions it describes to APHIS are central to the Complaint, the letter may be considered under *Brooks,* 116 F.3d at 1369. The letter may also be judicially noticeable as a public licensing record obtained by Plaintiffs from APHIS's licensing file. *See* Cmplt., ¶ 59; *see Osheroff*, 776 F.3d at 811.

2. <u>APHIS Records (Exhibits 2A, 2B, 3A, and 3B to Motion to Dismiss)</u>

These documents are printouts from the APHIS online license database regarding the FFP license and the MEC license. These licensing records are all created by APHIS and available to the public. Such public licensing records may be judicially noticed under Fed. R. Evid. 201, *Massachusetts v. Westco*, 431 U.S. 322, 323, n. 2 (1977), and are properly considered by the Court on a Rule 12(b)(6) motion. *Osheroff*, 776 F.3d at 811, 812, n. 4. The attached copies were printed from the APHIS database available at the government website: www.aphis.usda.gov through the "USDA Animal Care Search Tool." The contents of these federal licensing records are not subject to reasonable dispute. Fed. R. Evid. 201.

Exhibit 2A is license status information for the FFP license printed from the APHIS Database on July 21, 2016 following the filing of this lawsuit. The first page is the license status summary showing the original grant date of the FFP license (April, 2014) and current status of the license ("active"). Exhibit 2B is the same license history re-printed from the database on January 17, 2017, expressly listing "Miami Seaquarium" as a site under the FFP license.

Exhibit 3A is the APHIS Database information for "Marine Exhibition Corp.," printed from this APHIS database on July 6, 2015, the day before the July 7, 2015 license cancellation. It displays the date of the printing (July 6, 2015), the status of license as of that date ("active"), and the original license grant date (1978). Exhibit 3B is the license status information for the

MEC license printed from the APHIS Database on January 17, 2017.  It shows the current status of the MEC license ("cancelled July 7, 2015").[2]

      3.      Notice and Plan of Merger (Exhibit 4 to the Motion to Dismiss)

This document is the Articles of Merger and attached Plan of Merger filed by FFP with the Florida Secretary of State, Division of Corporation on July 3, 2014 to record the merger of MEC into FFP.  The document is available to the public on the Florida Secretary of State's online database of corporate records filings, which is available online at: http://search.sunbiz.org/Inquiry/CorporationSearch/ByName.  The July 3, 2014 notice can be obtained at that website by inputting "Festival Fun Parks" into the search engine, then clicking on "Festival Fun Parks, LLC," and then clicking on the document entitled "merger" (document number M9800000078).  This publicly filed document may be judicially noticed under Fed. R. Evid. 201 and is properly considered by the Court on a Rule 12(b)(6) motion.  *Osheroff*, 776 F.3d at 811, 812, n. 4.[3]

WHEREFORE, for the foregoing reasons, FFP respectfully requests that the Court judicially notice and consider Exhibits 1 through 4 to FFP's Motion to Dismiss in deciding that Motion.

---

[2] Because this licensing history information is discussed in ¶¶ 57-67 of the Complaint, and is central to the lawsuit, these documents may also be considered as central documents referenced in the complaint, pursuant to *Brooks,* 116 F.3d at 1369.

[3] Because the merger is discussed in ¶¶ 57-59 of the Complaint, and the merger is central to the lawsuit, this public record filing memorializing the merger is another document that may also be considered under *Brooks,* 116 F.3d at 1369.

Dated: January 17, 2017

Respectfully submitted,

/s/ Mark A. Salky
Mark A. Salky, Esq.
Florida Bar No. 058221
salkym@gtlaw.com
Evelyn A. Cobos
Florida Bar No. 92310
cobose@gtlaw.com
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone: (305) 579-0500

James H. Lister, Esq. (*Pro hac vice*)
jlister@dc.bhb.com
Birch, Horton, Bittner & Cherot, P.C.
Suite 1020
1156 15th Street, NW
Washington, D.C.  20005
Telephone: (202) 659-5800

Jennifer B. Moore, Esq. (*Pro hac vice*)
moorej@gtlaw.com
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100

*Counsel for Defendant-Intervenor Festival Fun Parks, LLC d/b/a Miami Seaquarium*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served via transmission of Notices of Electronic Filing generated by the CM/ECF system on Counsel of Record on this matter listed on the attached Service List.

/s/ Mark A. Salky
Mark A. Salky

**SERVICE LIST**

Jared Goodman
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
Tel: 323-210-2266
Email: jaredg@petaf.org

*Attorneys for Plaintiffs*

Matthew G. Liebman
Animal Defense Legal Fund
525 East Cotati Avenue
Cotati, CA  94931
Tel: (707) 795-2533
Fax: (707) 795-7280

*Attorneys for Plaintiff Animal Legal Defense Fund*

Daniel A. Casey
April Boyer
K&L Gates LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida  33131
Tel: (305) 539-3300
Email: daniel.casey@klgates.com
Email: april.boyer@klgates.com

*Attorneys for Plaintiffs*

Anthony Erickson-Pogorzelski
US Attorney's Office
Civil
99 NE 4th Street
Suite 335
Miami, FL 33132
Tel: 305-961-9296
Fax: 305-530-7139
Email: anthony.pogorzelski@usdoj.gov

*Attorney for Defendants United States Department of Agriculture and Elizabeth Goldentyer in her official capacity as Director of Animal Welfare Operations for the Eastern Region of the United States Department of Agriculture Animal and Health Inspection Service*