UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24793-Civ-COOKE/TORRES

**PEOPLE FOR THE ETHICAL TREATMENT
OF ANIMALS, et al.**,

      Plaintiffs,

vs.

**UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.**,

      Defendants,

and

**FESTIVAL FUN PARKS, LLC d/b/a MIAMI
SEAQUARIUM**,

      Defendant-Intervenor.
_____/

## **ORDER STAYING CASE**

**THIS MATTER** is before the Court on Defendants' Motion for Voluntary Remand Without Vacutur ("Motion to Remand") (ECF No. 137) and Plaintiffs' Motion to Supplement the Administrative Record ("Motion to Supplement") (ECF No. 159) (collectively, "Motions"). Both Motions are fully briefed and thereby ripe for consideration. However, as discussed below, the Court finds that this matter should be stayed until the Court resolves the issue of whether it has subject matter jurisdiction as raised in Defendants' Motion to Dismiss Complaint as Moot (ECF No. 167).

In their Motion to Remand, Defendants request that this Court remand this case "back to the USDA for reconsideration and issuance of a new decision with respect to the licensure of Miami Seaquarium under the Animal Welfare Act[.]" ECF No. 137, Mot. to Remand at p. 1 (alteration added). In their Motion to Supplement, Plaintiffs challenge the completeness of the

administrative record that Defendants have produced. *See* ECF No. 159, Mot. to Supp. Admin. Record at p. 2.

On March 25, 2022, Defendants filed a Motion to Dismiss Complaint as Moot. ECF No. 167, Mot. to Dismiss. In their Motion to Dismiss, Defendants argue that this Court no longer has subject matter jurisdiction in this case because Plaintiffs' claims are moot and thereby no longer a live case or controversy. *See id.* The Court must first determine whether Plaintiffs' claims are moot before it can reach the merits of the Parties' other Motions. *See Sintow v. United States*, No. 22-20160-CIV, 2022 WL 2047315, at *1 (S.D. Fla. June 7, 2022) ("'An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.' Moot cases do not present 'controversies' in the sense of Article III and thus do not fall within federal courts' subject-matter jurisdiction.") (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1190 (11th Cir. 2011)). *See also Haim v. Monroe Cnty.*, No. 4:20-CV-10058-KMM, 2020 WL 4910854 (S.D. Fla. Aug. 17, 2020), aff'd, 858 F. App'x 340 (11th Cir. 2021) ("If the Court determines that it lacks subject matter jurisdiction, such as because the controversy becomes moot, it must dismiss the claim.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Therefore, for the reasons discussed above, it is hereby **ORDERED and ADJUDGED** that this case is **STAYED** pending the Court's resolution of Defendants' Motion to Dismiss Complaint as Moot (ECF No. 169).

**DONE and ORDERED** in Chambers in Miami, Florida, this 16th day of September 2022.

                                              **DARRIN P. GAYLES**
                                              **UNITED STATES DISTRICT COURT JUDGE**
                                              **For Marcia G. Cooke, U.S. District Judge**

Copies furnished to:
*Counsel of record*